**CRUIKSHANK, Plaintiff-Appellant, v. FRANK SHERMAN COMPANY et, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3894.    Decided April 4, 1957.

452

Norman A. Rheuban, Youngstown, for plaintiff-appellant.
William E. Pfau, William E. Pfau, Jr., Youngstown, for defendant-appellee.

## OPINION

By PHILLIPS, J.

The trial judge entered judgment for defendant, Frank Sherman Company. notwithstanding the jury returned a verdict for the plaintiff in his action against defendant to recover damages for personal injuries, and for "Frank Sherman Company, Inc." in whose favor the trial judge directed a verdict, concerning which no complaint is made. Also the trial judge granted defendant a new trial on the ground that "the judgment is not sustained by sufficient evidence and is contrary to law," said new trial to be had only in event of reversal of the judgment notwithstanding the verdict, and by journal entry said:—

"The court coming now to the motions for judgment n. o. v. and motion for new trial filed in this case, after full and due consideration sustains the motion for judgment n. o. v. and judgment is hereby rendered for defendant, The Frank Sherman Co. Ex. to plaintiff.

"Coming to the motion for new trial, the motion is sustained on the ground that the judgment is not sustained by sufficient evidence and is contrary to law, exception to plaintiff; said new trial shall be had only in the event of a reversal of the above judgment n. o. v.

"This procedure is in accordance with the mandate from the court of appeals in No. 3870."

Plaintiff appealed from that judgment on questions of law contending that the trial judge erred in his prejudice in sustaining defendant's motion for judgment notwithstanding the verdict, and in sustaining the motion for new trial "on the ground that the judgment is not sustained by sufficient evidence and is contrary to law, by reason whereof plaintiff is entitled to final judgment in his favor."

Plaintiff delivered an automobile motor block, weighing 700 pounds, to defendant's scrap yard for sale and alleged in his petition that defendant negligently failed to provide adequate personnel or equipment to receive scrap metal at its yard, and that while unloading it defendant's employee negligently jerked such block on his finger as it was being removed from plaintiff's automobile causing his finger to be amputated.

There is evidence that plaintiff stopped at defendant's scrap yard on his way to work and arrived there before 8:30 A M., the scheduled working hour of defendant's employees, and was told by defendant's foreman "to wait until 8:30, that the men would start to work, and we would get

men, men would come out and unload the car for him. He told me he was in a hurry and had to go to work and he would unload it himself"; that he drove down the yard and back up to the pile where the scrap was supposed to be unloaded; that he started to unload the scrap; that plaintiff was down on one knee with the motor on his hand and an employee helped plaintiff rock the motor block off his hand and took him to the office; that about 8:20 another defendant employee saw plaintiff coming around his automobile and his hand was bleeding; and that plaintiff was hospitalized at 8:40 A. M.

There is direct evidence that plaintiff's injury occurred in defendant's scrap yard where it bought, sold and handled scrap iron such as the motor block which it purchased from and for which it paid plaintiff; and that plaintiff had been assisted by defendant's employees on other occasions in unloading scrap.

There is no direct evidence that the laborer dressed in working clothes charged with negligence was defendant's employee, nor was instructed nor authorized to assist plaintiff, as alleged, nor of the presence of an officer or employee of defendant company within fifteen feet of the scene of the injury.

There is no evidence identifying the laborer whom plaintiff contends was responsible for his injury, where he went, nor what he did after plaintiff was injured. Defendant's president testified that he had no employee answering plaintiff's description of a "colored man in work clothes about 6' 1" tall."

Plaintiff contends:—

"Assuming this dichotomy, arguendo, the record displays the following factual support:

"1. The injury occurred on defendant's property upon which they were carrying on the scrap metal business.

"2. The man in question was in work clothes.

"3. There was no evidence of any one other than plaintiff or defendant's officers or agents being there at the time.

"4. There were seven or eight of defendant's yard employees at a distance of from 15 to 75 feet from where the accident occurred.

"5. Part of the regular course of defendant's business was to purchase steel scrap metal.

"6. Plaintiff and others had been assisted by defendant's employees in unloading scrap on previous occasions.

"7. It was the duty of plaintiff's yard employees to help and assist in unloading scrap.

"8. The accident took place during and as a part of the process of a sale of scrap to the defendant for defendant's benefit.

"9. Defendant's officer and foreman repeatedly stated that they would send an employee to help plaintiff unload.

"Again we quote from Hurt v. Rogers Trans. Co., supra, at page 334:—

" 'It is permissible to draw several conclusions or presumptions of fact from the same set of facts. And it is equally proper that a series of facts or circumstances may be used as a basis for ultimate findings or inferences.'

"Surely, this series of facts or circumstances provide ample support for the inferences. And, is not the inference of agency and scope of employment a reasonable deduction from those facts? Conversely, was the jury bound to infer that an officious intermeddler, helped the plaintiff with his 700 pound burden, a ghostly volunteer who had no connection with the defendant? No amount of mental gymnastics can obfuscate the fact that the inferences are reasonable, inseparable and logical."

In **Hurt v. Charles J. Rogers Transportation Co., 164 Oh St 329** at page 333 it is said:—

"An inference which is based solely and entirely upon another inference and which is unsupported by any additional fact or another inference from other facts is an inference upon an inference and is universally condemned.

"An inference which is based in part upon another inference and in part upon factual support is called a parallel inference and is universally approved provided it is a reasonable conclusion for the jury to deduce.

"It may be conceded that any liability of Rogers must be based on inferences. If those inferences are based entirely on other inferences unsupportd by fact, no basis for liability has been shown. If, however, the inferences needed to support plaintiff's case are parallel ones, a jury may be permitted to make deductions therefrom provided they are reasonable."

Plaintiff claims:—

"Only two inferences need concern us, they are:

"1. The man who injured the plaintiff was the agent of the defendant.

"2. That man was acting in the course and scope of his employment."

Under the doctrine of respondeat superior defendant is liable to plaintiff only if he showed that the negligent act complained of was done by defendant's employee, and that such act was done in the performance of defendant's business. See **26 O. Jur., Section 164, Page 284.**

In our opinion the evidence submitted by plaintiff failed to prove that the unidentified laborer was defendant's employee.

The general rule laid down in this type of case is:—

"Whether the relation of master and servant, as fixing liability on one person for the acts of another under the doctrine of respondeat superior, exists in a particular case depends on the facts and circumstances of that case." 57 Corpus Juris Secundum, Section 563, Page 275.

"The liability of one person for injury which has been caused by the wrongful act of another presupposes, so far as the present discussion is concerned, the existence of the relation of employer and employee between the actor and the person sought to be held liable. In order, therefore, to recover in such cases, it must be shown that this relation existed between the party sought to be held liable and the person doing the act complained of, in reference to the very act complained of. * * *" 35 American Jurisprudence, Section 537, Page 965.

In the case of **Sobolovitz v. The Lubric Oil Co., 107 Oh St 205,** at page 209, the Supreme Court through Judge Robinson announces the

general principle of law applicable to the case we review in these words:—

"* * * The majority of this court adhere to the rule that before the defendant is put upon his defense the plaintiff must produce some proof of every fact necessary to create a liability, or some proof of a fact from which a reasonable inference may be deduced which tends to create a liability, and that an inference cannot be predicated upon an inference. * * *."

By that announcement the supreme court refused to permit a jury to speculate.

In Hurt v. Charles Rogers Transportation Co., supra, at page 330, the court said:—

"Rogers argues that a choice between such possibilities (designated 'probabilities' by Rogers) brings this case within the rule that, where the cause of an injury may as reasonably be an act for which defendant is not liable as one for which he is liable, the plaintiff has not sustained the burden of showing that his injury was a proximate result of the negligence of the defendant. Gedra v. Dallmer Co., 153 Oh St 258, 91 N. E. (2d), 256, 17 A. L. R. (2d), 453; Gerich v. Republic Steel Corp., 153 Oh St 463, 92 N. E. (2d), 393.

In the case of Gedra v. Dallmer Co., 153 Oh St 258, it is said in the third syllabus:—

"In such an action, if the cause of an injury to a plaintiff may be as reasonably attributed to an act for which defendant is not liable as to one for which he is liable, the plaintiff has not sustained the burden of showing that his injury is a proximate result of the negligence of the defendant."

In the case of Gerich v. Republic Steel Corp., 153 Oh St 463, paragraph two of the syllabus reads:—

"It is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain the burden as to such issue."

Finally, in the case of Eichorn v. Lustig's, Inc., 161 Oh St 11, by syllabus the supreme court said:—

"An owner of property abutting on a public street is not liable for injuries to pedestrians resulting from defects in the abutting portion of such street unless such defects are created or negligently maintained or permitted to exist by such owner for his own private use or benefit."

On page 14 of the opinion in the Eichorn case Hart, J., said:—

"* * * Here. there was no showing that the truck owner or owners using the sidewalk were or were not employees of the defendant. In the absence of any such proof as to the relationship of the truck owners and the defendant, there was no proof of liability on the part of the defendant, and the trial court properly directed a verdict for it."

Under the evidence in the case under consideration and the law applicable thereto, we must conclude that the trial court did not err "in sustaining defendant's motion notwithstanding the verdict of the jury" returned for the plaintiff.

With reference to plaintiff's second assigned ground of error plaintiff asks:—

"1. Was there sufficient evidence to sustain the judgment for plaintiff?

"2. Was the judgment for plaintiff contrary to law?"

Plaintiff does not urge abuse of discretion of the trial judge. On authority of **Klever v. Reid Bros. Express, Inc., et al, 154 Oh St 491,** we are of opinion that the trial judge did not err to plaintiff's prejudice "in sustaining motion for new trial on the ground that the judgment is not sustained by sufficient evidence and is contrary to law." In Flever v. Reid Bros., Express, Inc., paragraphs 1 and 2 of the syllabus are as follows:—

"An order by a court of common pleas granting a motion for a new trial in an action commenced prior to the effective date of the amendment to **Section 6, Article IV, Ohio Constitution,** in 1945 and prior to the amendment in 1947 of §12223-2 GC (122 Ohio Laws, 754), does not constitute a judgment or final order reviewable by the court of appeals, unless it clearly appears that the court in making such order abused its discretion. (**Hoffman v. Knollman, 135 Oh St 170,** approved and followed.)

"The term, 'abuse of discretion,' as it relates to an order granting a motion for a new trial, connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court in granting such motion. (Paragraph two of the syllabus in the case of **Steiner v. Custer, 137 Oh St 448,** approved and followed.)"

Also see **Green v. Acacia Mutual Life Ins. Co., 156 Oh St 1,** where it is said in the fourth paragraph of the syllabus:—

"4. An order granting a new trial upon motion made in accordance with §11578 GC, is not a final determination of the rights of the parties and does not constitute a judgment or final order, the General Assembly has no power or authority to provide for an appeal from such order, and §12223-2 GC, providing that 'an order vacating or setting aside a judgment and ordering a new trial, is a final order,' is in conflict with **Section 6, Article IV, Ohio Constitution.**"

In **Zukowski v. Tom's Express, Inc., 71 Abs 333,** the syllabus reads:—

"Where the trial judge finds that in his general charge he unreasonably repeated and overemphasized the burden of proof to the plaintiff's prejudice, it was not error for him to grant a motion for a new trial."

Finally, we believe that the recent case of **McBride v. Toledo Terminal Rd. Co., 166 Oh St 129,** decided February 6, 1957, and found in Ohio Bar issue of February 11, 1957, supports our conclusion that the trial judge did not err "in sustaining the defendant's motion for a new trial conditionally in the event there should be a subsequent reversal of the judgment n. o. v. for the defendant and in holding that his ruling on the motion for new trial, in the absence of abuse of discretion, did not constitute a final order permitting a review by that court on the granting of a motion for new trial."

As suggested by plaintiff by reply brief:—

"This court has already decreed that the trial court may not reserve its decision on the motion for a new trial but must rule on both motions together. National Mattress Company v. City of Youngstown, Court of Appeals No. 3870 citing **Hurt v. Rogers, et al, 160 Oh St 70.**"

Having disposed of plaintiff's appeal as we have we need not discuss the former action of this court nor this assigned ground of error further.

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, dissents.
GRIFFITH, J, concurs.

### DISSENTING OPINION

By NICHOLS, J.

In my judgment the record contains evidence from which reasonable minds could arrive at different conclusions upon every issue involved in this case thus requiring such issues to be determined by the jury and negativing the right of the court to grant the motion for judgment notwithstanding the verdict of the jury.

It was error prejudicial to the plaintiff in this case when the trial court granted the motion for judgment notwithstanding the verdict of the jury.

The cause should be reversed and remanded for that reason. I find no abuse of discretion by the trial court in granting the motion for a new trial.